UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ROBERT KELLER GILL, ET AL.,**

  Plaintiffs,

v.                                 No. 4:24-cv-00129-P

**FREEDOM MORTGAGE CORPORTATION,**

  Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion to Remand, filed March 1, 2024. ECF No. 6. For the following reasons, the Court will **GRANT** Plaintiffs' Motion to Remand.

## BACKGROUND

This is a simple state-law coverage dispute. The Gills allege they sustained water damage caused by frozen pipes in February 2021. The Gills submitted the damage to USAA and retained party Schneider Law, Inc. to represent them. In March 2023, the Gills sued USAA in the 67th District Court of Tarrant County, claiming that USAA improperly adjusted their insurance claim and alleged breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and the Prompt Payment of Claims act.

The Gills and USAA litigated the dispute and eventually reached a settlement agreement in July 2023, but disagreed on the distribution of settlement proceeds. The state court resolved the dispute and ordered the funds to be paid in one check to all the payees. Upon receipt, in September 2023, Schneider Law sent the check to Defendant Freedom Mortgage who refused to endorse the check, stating that the funds would be deposited into its trust account and any remainder paid to the Gills. Plaintiffs then sent a pre-suit notice letter in October 2023.

In November 2023, Plaintiffs filed a Motion in Interpleader which was received by the Defendant. Plaintiffs further filed a Petition in Interpleader a month later, at point which USSA issued a stop-pay on the settlement check and deposited the funds into the registry of the Court, so they could be dismissed from the action. The state court registry received these funds in January 2024, at which point USAA was dismissed from the action.

On January 17, 2024, Plaintiffs filed their Second Amended Petition alleging that Freedom Mortgage breached its mortgage contract with the Gills, tortiously interfered with the Settlement Agreement with USAA and with Schneider Law's representation agreement, breached the duty of good faith and fair dealing, and violated the Texas Insurance Code and the DTPA.

On February 8, 2024, Freedom removed the action to this Court on grounds that there was now complete diversity with USAA dismissed from the case. Plaintiffs timely filed a Motion to Remand on March 1, 2024, chiefly arguing that Freedom's removal was untimely to which Freedom responded on March 7th. The Motion is thus ripe for the Court's review.

## LEGAL STANDARD

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When the party relies on improper joinder, the burden of persuasion is a "heavy one." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (emphasis added). Additionally, the Court must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in Movants' favor. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999).

## ANALYSIS

Freedom's removal argument is based on the fact that removal was not proper until USAA was dismissed from the case since it has been

held that USAA is a citizen of every state. *See* ECF No. 9 at 9. Freedom argues this dismissal created diversity jurisdiction, thus opening the case for removal. *See id.* However, before getting into any further arguments, the Court must first address whether USAA has truly been dismissed from this case under Texas state law.

Freedom argues that the Court has removal jurisdiction. *See* 28 U.S.C. § 1441. This statute creates jurisdiction over cases filed in state court that could have originally been filed in federal court. The statute states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* § 1441(a). Due to the presumption against federal jurisdiction, the removal statute is to be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (cleaned up). "This is so because 'removal jurisdiction raises significant federalism concerns.'" *Duncan v. Safeco Ins. Co.*, No. 7:20-CV-119-M-BP, 2020 WL 6811485, at *1 (N.D. Tex. Oct. 30, 2020) (Ray, M.J.) (quoting *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Here, Freedom relies on the original-jurisdiction ground of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction grants district courts original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties have completely diverse citizenship, meaning "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted).

If a case develops diversity jurisdiction after the initial pleading, then it can also be removed. *Hoyt v. Lane Const. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019). Section 1446(b)(3) governs this situation. Subject to exceptions not applicable here:

3

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Although not in the statutory text, it is well established that "*only* the voluntary dismissal or nonsuit by the plaintiff of a defendant can convert a nonremovable case into a removable one." *Hoyt*, 927 F.3d at 295 (cleaned up) (emphasis in original).

However, under long-standing Texas law, it is axiomatic that USAA remains a party despite the Voluntary Notice of Non-Suit being granted dismissing USAA. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The Order Dismissing USAA was only interlocutory—subject to change—and no final judgment has been entered dismissing USAA from the case. *See Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *3 n.3 (Tex. App.—Fort Worth May 25, 2017, *no pet.*) (Sudderth, J.) ("A trial court has plenary power—power that is full, entire, complete, absolute, perfect, and unqualified—over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs.").

Even after the Order granting the Notice of Non-Suit, USAA retained the ability to participate in the case. *See Madison v. Williamson*, 241 S.W.3d 145, 156 (Tex. App.—Houston [1st Dist.] 2007, *pet. denied*) (holding that a defendant could participate in crafting a final judgment because the interlocutory summary judgment "did not terminate [a defendant's] status as a party" to the case); *see also* 6 MCDONALD & CARLSON TEX. CIV. PRAC. APP. PRAC. 6 § 11:3 (2d ed. 2021) ("A judgment is final for purposes of appeal when it determines the rights of all parties and disposes of all issues in a case, so that no future action by the court will be necessary to settle the entire controversy.").

Thus, contrary to Freedom's arguments, the state court's Order did not remove USAA from this case. *See Lehmann*, 39 S.W.3d at 205 ("[W]hen there has not been a conventional trial on the merits, an order of judgment is not final for purposes of appeal unless it . . . unequivocally states that it finally disposes of all claims and parties."); *cf.* FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius") (Under our federal system of government, where authority flows from the states to the federal government, the "the ordinary administration of criminal and civil justice" is left to the state courts, not the federal courts.).

It follows that USAA's presence in this case destroys diversity jurisdiction. This Court therefore lacks subject-matter jurisdiction.

Accordingly, the Court herby **ORDERS** that this case is **REMANDED** to the **67th Judicial District Court of Tarrant County, Texas**. The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the District Court of Tarrant County, Texas.

**SO ORDERED** on this **15th day of March 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE